THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CV-323-FL

| | | |
|---|---|---|
| JONATHAN FLAHIVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| VONQ, INC. and VONQ GROUP, B.V., | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on motion to dismiss for forum non conveniens, or in the alternative, partial judgment on the pleadings, by defendant VONQ Group, B.V. ("VONQ Group") (DE 17). The motion has been briefed fully, and in this posture the issues raised are ripe for ruling. For the following reasons, the motion is granted.

## BACKGROUND

Plaintiff filed this action on June 10, 2024, against his former joint employers, VONQ Group and VONQ, Inc., asserting contract and tort claims for violations of the North Carolina Wage and Hour Act, breach of contract, fraudulent misrepresentation, tortious interference, and unjust enrichment; and against VONQ, Inc. alone for violations of the Retaliatory Employment Discrimination Act and wrongful discharge. As relief, plaintiff seeks compensatory and punitive damages, costs and fees, and to hold defendants jointly and severally liable.

Defendant VONQ Group filed the instant motion August 6, 2024, seeking dismissal of all of plaintiff's claims against it based on forum non conveniens, or in the alternative, dismissal of plaintiff's tortious interference claim as a matter of law and dismissal of remaining claims against

it based upon forum non conveniens.[1] Defendant VONQ Group relies upon an agreement between plaintiff and defendant VONQ Group attached as an exhibit to the complaint (hereinafter the "Agreement").

In opposition, plaintiff relies upon his personal declaration. In reply, defendants rely upon a declaration of Janette Maryke Labuschagne, "Head of Legal for VONQ B.V.," which includes copies of the Agreement signed via DocuSign by Plaintiff and VONQ Group (Exhibits A-B, DE 23-1 at 8-29) and screenshots of the DocuSign Completion Certificate and IP address (Exhibit C, DE 23-1 at 30-32).

## COURT'S DISCUSSION

Defendant VONQ Group argues that dismissal of all claims against it is warranted based upon forum selection clause in the parties' Agreement. The court agrees.[2]

A.  Forum Non Conveniens Standard

"[T]he Supreme Court has consistently accorded choice of forum and choice of law provisions presumptive validity." Allen v. Lloyd's of London, 94 F.3d 923, 928 (4th Cir. 1996) (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 92 (1972)). "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex., 571 U.S. 49, 62 (2013).

"[T]he appropriate way to enforce a forum-selection clause pointing to a . . . foreign forum is through the doctrine of forum non conveniens." Atl. Marine Const. Co., 571 U.S. at 60. Federal

---

[1] In the meantime, defendant VONQ, Inc. filed its answer August 1, 2024, did not join the current motion, and has not sought dismissal of the claims against it. In accordance with October 1, 2024 case management order, the deadline for all discovery in this case is May 16, 2024.

[2] Because the court agrees that all claims against VONQ Group should be dismissed based on forum non conveniens, the court does not address its alternative argument.

2

courts invoke forum non conveniens "in cases where the alternative forum is abroad." Id. (citing Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 430 (2007)).

"The enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system."[3] Id. at 63. Thus, "a valid forum-selection clause should be given controlling weight in all but the most exceptional cases." Id.

"This presumption of enforceability . . . only applies if the forum selection clause is mandatory." BAE Sys. Tech. Sol. & Servs., Inc. v. Republic of Korea's Def. Acquisition Program Admin., 884 F.3d 463, 470 (4th Cir. 2018). Mandatory forum selection clauses include specific language of exclusion providing that "a particular place constitutes the 'sole' or 'only' or 'exclusive' forum." Id., at 472.

B.   Analysis

In this case, the Agreement contains a forum selection clause providing that "[a]ny disputes arising out of or in connection with this agreement or any agreement resulting from it, which cannot be settled amicably, shall be submitted to the exclusive jurisdiction of the competent court in Amsterdam, the Netherlands." (DE 23-1 at 8) (emphasis added) (hereinafter, the "forum selection clause").

The forum selection clause is mandatory and requires dismissal due to the emphasized "specific language of exclusion." BAE Sys., 884 F.3d at 472; Albemarle Corp. v. AstraZeneca UK Ltd., 628 F.3d 643, 651 (4th Cir. 2010). This consent "to the exclusive jurisdiction of the competent court in Amsterdam, the Netherlands," id. (emphasis added), mandates suit in that forum. BAE Sys., 884 F.3d at 472. Enforcement of this clause, which points to a foreign forum,

---

[3]   In citations in this order, all internal quotations and citations are omitted, unless otherwise specified.

properly is achieved through the doctrine of forum non conveniens, which federal courts invoke for cases involving an alternative forum abroad. Atl. Marine Const. Co., 571 U.S. at 60. Defendant VONQ Group's motion therefore must be granted on the basis of forum non conveniens.

Plaintiff argues nonetheless that the court should determine the validity of the forum selection clause under North Carolina law pursuant to Erie R.R. Co. v. Tompkins, 304 U.S. 64, 79 (1938), and related cases. In turn, plaintiff contends, under North Carolina General Statute § 22B-3, the forum selection clause is void and against public policy. That statute provides:

> Except as otherwise provided in this section, any provision in a contract entered into in North Carolina that requires the prosecution of any action or the arbitration of any dispute that arises from the contract to be instituted or heard in another state is against public policy and is void and unenforceable. This prohibition shall not apply to non-consumer loan transactions or to any action or arbitration of a dispute that is commenced in another state pursuant to a forum selection provision with the consent of all parties to the contract at the time that the dispute arises.

N.C. Gen. Stat. § 22B-3.

This argument, however, is without merit. In diversity actions, federal courts rely primarily on federal law to determine venue and enforce forum-selection clauses. Albemarle, 628 F.3d at 650 (concluding that "a federal court interpreting a forum selection clause must apply federal law in doing so"). While state statutes, such as N.C. Gen. Stat. § 22B-3, may be relevant for determining venue and forum in state courts, federal law governs venue and forum issues in federal court, as these are procedural matters. Id. at 652 (finding that "[a]s an agreement purporting to modify or waive the venue of a federal court, a forum selection clause implicates what is recognized as a procedural matter governed by federal law—the proper venue of the court"). The Supreme Court's decision in Bremen rejected the "provincial attitude" toward forum selection clauses, emphasizing that such a narrow view undermined the enforcement of contracts between parties who had agreed to resolve disputes in a specific forum. Id. (citing Bremen 407 U.S. at 12). The Court further established that forum selection clauses are presumptively enforceable in federal

4

court, regardless of state-level reluctance. Id. As a result, state laws cannot override the federal policy that favors enforcing contractual forum choices.

Federal law governs venue, and applying state law would render it "nugatory." Albemarle, 628 F.3d at 650. As the Supreme Court held in Atlantic Marine, a plaintiff's contractual agreement to litigate in a designated forum constitutes an exercise of their "venue privilege" before any dispute arises. 571 U.S. at 63. In Albemarle, the court upheld the dismissal of a case based on a forum-selection clause requiring litigation in England, affirming that federal law governs venue decisions and overrides conflicting state statutes. 628 F.3d at 652-654 (citing S.C. Code Ann. § 15–7–120(A)).

Plaintiff's reliance on Bryan Builders Supply v. Midyette, 274 N.C. 264 (1968), and Khwaja v. Khan, 239 N.C. App. 87 (2015), is misplaced. Both cases address substantive state law matters, such as licensing and property rules, which are distinct from the procedural issue of enforcing a forum selection clause in a contract. Bryan Builders concerns consumer protection in construction, 274 N.C. at 266, and Khwaja involves the common law rule against perpetuities, neither of which implicates the federal policy governing forum selection in federal court, 239 N.C. App. at 88.

Plaintiff's assertion that whether N.C. Gen. Stat. § 22B-3 nullifies forum selection clauses designating foreign jurisdictions is an issue of first impression is incorrect. As discussed above, the Fourth Circuit addressed this in Albemarle, 628 F.3d at 652, upholding the enforceability of such clauses despite state statutes like § 22B-3. This court similarly recognized Albemarle's applicability in NC Contracting, Inc. v. Munlake Contractors, Inc., No. 5:11-CV-766-FL, 2012 WL 5303295, at *6 (E.D.N.C. Oct. 25, 2012), citing it as rejecting a similar argument against a South Carolina statute. Federal courts in North Carolina have consistently enforced forum

selection clauses, confirming that § 22B-3 does not nullify foreign forum designations in federal court. See, e.g. Turfworthy, LLC v. Dr. Karl Wetekam & Co. KG, 26 F. Supp. 3d 496, 509 (M.D.N.C. 2014); Gita Sports Ltd. v. SG Sensortechnik GmbH & Co. KG, 560 F. Supp. 2d 432, 441 (W.D.N.C. 2008) (DE 23 at 6).

In sum, the forum selection clause is valid and mandatory under the circumstances of this case. It thus remains for consideration whether plaintiff's claims against VONQ Group fall within the scope of the clause. Here, the clause is very broad, applying to "[a]ny disputes arising out of or in connection with this agreement or any agreement resulting from it." (DE 23-1 at 8). In light of this expansive language, plaintiff's claims against VONQ Group for breach of contract, fraudulent misrepresentation, tortious interference, unjust enrichment, and violations of the North Carolina Wage and Hour Act, comfortably fall within its scope, because they all arise out of or have a connection with the Agreement. Notably plaintiff does not argue that any specific claims against VONQ Group fall outside of the scope of the forum selection clause.

Therefore, all claims against VONQ Group are dismissed under the doctrine of forum non conveniens.

## CONCLUSION

In accordance with the foregoing, defendant VONQ Group's motion to dismiss (DE 17) is GRANTED. All claims against VONQ Group are DISMISSED under the doctrine of forum non conveniens.

SO ORDERED, this the 20th day of November, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge